UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLONZO HEDRINGTON, | No. 2:25-cv-00216-DJC-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| FAIRFIELD POLICE DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff Orlonzo Hedrington is proceeding pro se in this action which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the Court is Plaintiff's motion for removal of the undersigned (ECF No. 7) and motion for default judgment (ECF No. 8). For the reasons stated below, the Court will recommend that the motions be DENIED.

**Background and Procedural History**

Plaintiff, proceeding pro se, commenced this action on January 15, 2025, by filing a complaint and paying the applicable filing fee. ECF No. 1. The complaint named as Defendants the United States of America, the Fairfield Police Department, and numerous individuals. ECF No. 1. The claims arise out of an incident where Plaintiff alleges he was drugged and assaulted at

1

1    the David Grant Medical Center.  ECF No. 1 at 3.  Plaintiff has filed several prior lawsuits about
2    the same subject matter.  *See e.g., Hedrington v. United States, et al*., 2:24-cv-01224-DAD-SCR;
3    *see also Hedrington v. United States*, No. 1:24-cv-00497-KES-SKO, 2024 WL 4333281 (E.D.
4    Cal. Sept. 27, 2024) (detailing that Plaintiff "has filed six prior cases concerning the same alleged
5    facts and circumstances").  Case No. 24-cv-01224-DAD-SCR was dismissed on February 18,
6    2025, on the basis of res judicata, sovereign immunity, and statute of limitations.  ECF No. 72.  In
7    that action, Judge Drozd denied a motion to declare plaintiff a vexatious litigant "without
8    prejudice to its refiling if a future action, especially one raising these same claims yet again, is
9    filed by plaintiff."  ECF No. 72 at 3.

10        The instant action was filed while the Findings and Recommendation to dismiss were
11    pending in Case No. 2:24-cv-01224-DAD-SCR, and after the motion to declare Hedrington a
12    vexatious litigant had been filed.  There has not been an appearance by any defendant in this
13    matter, and Plaintiff has not filed returns/proof of service.  The Court will concurrently issue an
14    order to show cause pursuant to Federal Rule of Civil Procedure 4(m).

## ANALYSIS

### I.    Plaintiff's Request for Removal (ECF No. 7)

17        Plaintiff has filed a "Request for Removal of Magistrate S. Riordan."  ECF No. 7.  The
18    motion is one-page in length and sets forth no statute or rule as a basis for recusal.  Plaintiff lists
19    five reasons for recusal, all of which are either vague ("it would be better pursuit of justice") or
20    which complain of the Court's rulings in the prior matter.  Plaintiff cites no legal or factual basis
21    for his recusal motion.

22        If the Court presumes that Plaintiff seeks recusal pursuant to 28 U.S.C. § 455, that statute
23    provides that a judge "shall disqualify himself in any proceeding in which his impartiality might
24    reasonably be questioned."  This analysis employs an objective test: "whether a reasonable person
25    with knowledge of all the facts would conclude that the judge's impartiality might reasonably be
26    questioned." *Clemens v. U.S. Dist. Court for Central Dist. of Cal*., 428 F.3d 1175, 1178 (9th Cir.
27    2005) (internal quotation and citation omitted).  In determining whether disqualification is
28    warranted under §455(a), a court applies the general rule that questions about a judge's

impartiality must stem from "extrajudicial" factors, that is, sources other than the judicial proceeding at hand. *Id*. (internal citations omitted). One factor which does not normally require recusal is an adverse prior ruling in the instant proceeding or another proceeding. *Id.* at 1178-79 citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Plaintiff's motion appears to be based on this Court's adverse prior rulings in Case No. 2:24-cv-01224-DAD-SCR. This is not cause for recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("a judge's prior adverse ruling is not sufficient cause for recusal.").

The Court recommends that the motion for removal (ECF No. 7) be DENIED.

**II.     Plaintiff's Motion for Default Judgment (ECF No. 8)**

Plaintiff has filed a motion captioned as a "Motion to Vacate Judgement and Grant Default Judgements on all Defendants due to Plaintiff should have been entitled to Defaults." ECF No. 8. Plaintiff states he will ask for "an order setting aside and vacating the judgment herein previously entered." *Id*. at 1. There has not been a judgment entered in this matter. It may be that Plaintiff complains of the judgment entered in a prior case. Plaintiff also asks for a default judgment "against all defendants" and cites to Federal Rule of Civil Procedure 55.

Plaintiff is not entitled to the entry of default judgment. Plaintiff has not filed a return/proof of service as to any Defendant. Plaintiff has not complied with the proper procedure for obtaining entry of a default judgment. There is no Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). "A clerk's entry of default is a necessary predicate to obtaining default judgment." *Siegler v. Sorrento Therapeutics*, 2018 WL 6303728 (S.D. Cal. Dec. 3, 2018).

Here, Plaintiff has not submitted proof of service. But even when a defendant's answer is untimely, the court is not required to enter a judgment by default. Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)); *see* Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application

for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Here there is no Clerk's entry of default or proof of service. The Court RECOMMENDS the Motion for Default Judgment be denied.

## CONCLUSION

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for removal (ECF No. 7) be denied; and

2. Plaintiff's motion for default judgment (ECF No. 8) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: May 15, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4