UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORLONZO HEDRINGTON,

Plaintiff,

v.

FAIRFIELD POLICE DEPARTMENT, *et al.*,

Defendants.

Case No.  2:25-cv-0216-DJC-JDP (PS)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff brought this action alleging that defendants violated his rights in connection with an incident in which he was allegedly drugged and assaulted at David Grant Medical Center. ECF No. 1 at 3.  Of the numerous defendants named in the complaint, only the United States has been served and made an appearance.  Pending are numerous motions filed by plaintiff, all of which should be denied, save for his motion to amend the complaint.

Disqualification of Defendants and Magistrate Judge Riordan

Plaintiff has filed a motion seeking disqualification of Magistrate Judge Riordan and several attorneys whom, he alleges, made misrepresentations in a separate case.  ECF No. 14 at 5. He also requests that judgments in these separate cases by set aside and that "federal will pay for their violation[s]."  *Id.*  This motion is frivolous and will be denied.  Magistrate Judge Riordan is no longer assigned to this case, *see* ECF No. 13, and, to the extent that plaintiff seeks to challenge

1

judgments or attorney conduct in other cases, he must do so in those cases.

## Motion to Challenge Certification

The next motion to challenge certification is difficult to comprehend and does not explicitly state the relief, if any, it seeks.  It purports to challenge the government's certification of an unnamed employee's scope of employment.  ECF No. 18 at 2.  I cannot tell what employee he is referring to, what plaintiff believes that the government has certified, or what argument supports this challenge.  Tellingly, most of this pleading is comprised of uncontextualized exhibits.  This motion, to the extent it requests any relief, is denied.

## Motions to Set Aside Judgment

Plaintiff has filed two motions to set aside judgments in other cases.  His first seeks to set aside a judgment that was entered against him in another case on this district.  ECF No. 23 at 3.  As I have explained, this case is not the appropriate forum to challenge judgments entered in other cases.  If plaintiff wishes to challenge those judgments, he may either appeal (assuming he may still do so in a timely manner) or file a motion in that case, explaining why reconsideration and reversal is appropriate.

The second motion, ECF No. 24, requests, as best I can tell, that a state judgment set down in the Solano County Superior Court be reversed or set aside.  *Id.* at 2-3.  Such interference in state court proceedings is inappropriate.  Plaintiff may challenge a state superior court's unfavorable decision by appealing to a higher state court.  This motion is also denied.

## Motion to File an Amended Complaint

Plaintiff has filed a motion to amend complaint, ECF No. 26.  Leave to amend should generally be freely given, but a response to the initial complaint has been stayed pending determination in a separate case as to whether plaintiff is a vexatious litigant.  ECF No. 17.  Accordingly, I recommend that this motion be denied without prejudice to renewal after the vexatious litigant issue is decided.

## Request to Lift Stay

Plaintiff's motion to lift stay, seeking to lift a stay that was imposed pending a determination of whether he is a vexatious litigant, is denied.  Plaintiff has not provided

2

convincing reasons for lifting the stay, arguing only that some unspecified fraud upon the court was perpetrated.  ECF No. 27 at 1.

Conclusion

Accordingly, it is ORDERED that plaintiff's motions at ECF Nos. 14, 18, 23, 24, & 27 are DENIED.

Further, it is RECOMMENDED that plaintiff's motion to amend, ECF No. 26 be DENIED without prejudice to renewal after the motion to declare plaintiff vexatious in 2:24-cv-3541-DJC-JDP is decided.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     January 20, 2026     _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE