UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORLONZO HEDRINGTON,

          Plaintiff,

     v.

FAIRFIELD POLICE DEPARTMENT, *et al.*,

          Defendants.

Case No.  2:25-cv-0216-DJC-JDP (PS)

ORDER

Plaintiff initiated this action in January 2025 when he sued Fairfield Police Department, Edward Vieira-Ducey, Patrick Moriarty, Kevin Allen, Maria Nizzolino, Castillo Moriarty Robinson LLP, County of Solano, Barbara Zungia, E. Bradley Nelson, Christine Carringer, Danielle Lewis, United States of America, Joseph Frueh, Debra Barnes, Kimberly Mueller, Bruce Neilson, Peter Fear, Joseph Fear, David Hunter, Air Force Office Special Investigation, and Joseph Sky.  ECF No. 1.

On June 10, 2025, the United States, on behalf of the federal defendants (United States, Assistant U.S. Attorney Joseph Frueh, former U.S. Magistrate Judge Deborah Barnes, U.S. District Judge Kimberly Mueller, U.S. Air Force employees Joseph Sky and David Alex Hunter, and the U.S. Air Force Office of Special Investigations) filed an ex parte application asking the

1

court to stay the deadline for the federal defendants to respond to the complaint.  ECF No. 15.  The United States noted that neither it nor the other federal defendants had received proper service of process but sought the stay pending this court's ruling on a motion to deem plaintiff a vexatious litigant in another matter, *Hedrington v. United States*, 2:24-cv-3541-DJC-JDP.  *Id.* at 1.  The court granted that request, ECF No. 17, and lifted the stay on March 20, 2026, after the court ruled on the motion to deem plaintiff a vexatious litigant.  ECF No. 38.  The court directed the United States to file a response by April 10, 2026.  ECF No. 38.

Five days after the deadline, the United States filed another ex parte application to stay the federal defendants' deadline to respond to the complaint.  ECF No. 42.  Therein, the federal defendants argue that there has yet to be proper service and that the 60-day period for it to respond to the complaint has not started.  *Id.* at 1.  Plaintiff opposes the United States' motion and argues that the United States is aware of this case and has appeared.  ECF No. 43 at 1-4.

A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Federal Rule of Civil Procedure 4.  *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).  "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint."  *United Food & Commercial Workers Union, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179, and 1532 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).  However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without "substantial compliance with Rule 4."  *Jackson*, 682 F.2d at 1347.  While plaintiff is correct that the United States has filed motions in this action, the United States has yet to make a general appearance, and plaintiff has yet to provide proofs of service demonstrating proper service on any defendant, including the United States.[1]  Accordingly, the court will grant the United States's motion and will direct the United States to respond to the complaint when and if plaintiff demonstrates proper service under Federal

---

[1] On April 23, 2026, plaintiff filed two proofs of service, on for the United States and one for the County of Solano.  ECF No. 45.  However, neither are proper.  For the United States, plaintiff shows that personal service occurred at the U.S. Attorney's Office.  *Id.* at 1.  However, service on the United States requires service on the United States Attorney in Washington, DC.  *See* Fed. R. Civ. Pro. 4(i).  Plaintiff's proof of service for Solano also appears to be improper as he did not service the chief executive officer.  *See* Fed. R. Civ. Pro. 4(j).

Rule of Civil Procedure 4.

Plaintiff is hereby notified that if a defendant is not served within ninety days after a complaint is filed, the court must dismiss an action without prejudice. Fed. R. Civ. P. 4(m). Plaintiff must complete service for each defendant and file such proofs of service within thirty days of this order's issuance. Failure to do so will result in a recommendation that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. The United States's ex parte application, ECF No. 42, is GRANTED and the federal defendants' response to the complaint is stayed until plaintiff completes proper service.

2. Should plaintiff fail to file proofs of service within thirty days of this order's issuance, I will recommend that this action be dismissed for failure to meet the requirements of Rule 4(m).

IT IS SO ORDERED.

Dated:   May 5, 2026                              _____
                                                 JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE

3